UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE BOARD OF MANAGERS OF TRUMP TOWER
AT CITY CENTER CONDOMINIUM, by its President,
Alan Neiditch,

                                        Plaintiff,

            v.

FRANK    PALAZZOLO,    MARY    PALAZZOLO,
STEPHEN TOBIA, STEPHEN REITANO, JOSEPH
SANTANGELO,   LORRAINE   DISTEFANO,   GINA
THOMAS, LORI OVERTON, F & M FUNDING LLC,
RLA HOLDINGS, LLC, PREMIUM STAFFING LLC,
PREMIUM PARKING, LLC, ANTOINETTE CITY
CENTER, LLC, RIDGEVIEW HOLDINGS LLC, B.A.B.
GROUP I, LLC, B.A.B. GROUP, II, LLC, FIRST
RESOURCE FUNDING LLC, and REDA, ROMANO &
COMPANY, L.L.P.

                                        Defendants.

---

Docket No.: 16-cv-9188 (KMK)

<br>

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

---

<br>

**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT FACTUAL BACKGROUND............................................................................ 2

    *Joseph Santangelo* ........................................................................................................ 2

    *Lorraine DiStefano* ...................................................................................................... 3

    *Stephen Reitano* ........................................................................................................... 3

    *Stephen Tobia*............................................................................................................... 4

    *Gina Thomas* ................................................................................................................ 5

    *RLA Holdings, LLC*...................................................................................................... 5

    *First Resource Funding LLC* ....................................................................................... 6

    *Premium Parking, LLC* ............................................................................................... 6

    *Premium Staffing LLC* ................................................................................................. 7

ARGUMENT .......................................................................................................................... 9

    I.    STANDARD OF REVIEW ............................................................................... 9

    II.   PLAINTIFF HAS ADEQUATELY ALLEGED A CAUSE OF
           ACTION PURSUANT TO 18 U.S.C. § 1962(c) AGAINST
           MOVING DEFENDANTS ............................................................................... 10

           A.   The Amended Complaint Satisfies the "Distinctness" Requirement.................... 11

           B.   Moving Defendants Committed Multiple Acts of Racketeering .......................... 15

    III.  THE AMENDED COMPLAINT ADEQUATELY ALLEGES CLAIMS
           AGAINST THE MOVING DEFENDANTS FOR VIOLATIONS OF § 1962(d)......... 17

    IV.  MOVING DEFENDANTS' MOTION TO DISMISS
           THE CLAIMS UNDER 1962(a) AND (b) MUST FAIL ............................................... 19

           A.   Moving Defendants Do Not Have Standing to Move to Dismiss
               These Claims................................................................................................... 19

           B.   The Claims are Alleged Adequately ................................................................ 20

CONCLUSION........................................................................................................................ 22

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page**

*Angermeir v. Cohen*,
    14 F. Supp. 3d 134 (S.D.N.Y. 2014)...................................................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................................9

*Atlantic Int'l Movers, LLC v. Ocean World Lines, Inc.*,
    914 F. Supp. 2d 267 (E.D.N.Y. 2012) ..........................................................................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................9-10

*Bennett v. United States Trust Co.*,
    770 F.2d 308 (2d Cir. 1985).........................................................................................13

*Boyle v. United States*,
    556 U.S. 938 (2009).....................................................................................................12

*Cedric Kushner Promotions, Ltd. v. King*,
    533 U.S. 158 (2001).....................................................................................................11

*City of New York v. Cyco.Net, Inc.*,
    383 F. Supp. 2d 526 (S.D.N.Y. 2005).....................................................................12, 13

*City of New York v. Lasership, Inc.*,
    33 F. Supp. 3d 303 (S.D.N.Y. 2014)............................................................................16

*City of New York v. Smokes-Spirits.com, Inc.*,
    541 F.3d 425 (2d Cir. 2008).........................................................................................13

*Constellation Bank, N.A. v. C.L.A. Mgmt. Co.*,
    No. 94 Civ. 0989 (RPP), 1995 WL 42285 (S.D.N.Y. Feb. 1, 1995) .........................21

*Conte v. Newsday, Inc.*,
    703 F. Supp. 2d 126 (E.D.N.Y. 2010) .........................................................................16

*Continental Finance Co. v. Ledwith*,
    No. 08 Civ. 7272(PAC), 2009 WL 1748875 (S.D.N.Y. June 22, 2009) ....................21

*Cruz v. FXDirect Dealer, LLC*,
    720 F.3d 115 (2d Cir. 2013).....................................................................................11, 14

*Cullen v. Margiotta*,
    811 F.2d 698 (2d Cir. 1987).........................................................................................13

*De Sole v. Knoedler Gallery, LLC*,
   974 F. Supp. 2d 274 (S.D.N.Y. 2013)......................................................................................12

*Discon Inc. v. NYNEX Corp.*,
   93 F.3d 1055 (2d Cir. 1996)....................................................................................................13

*Dover Ltd. v. A.B. Watley, Inc.*,
   No. 04 Civ. 7366 (FM), 2006 WL 2987054 (S.D.N.Y. Oct. 18, 2006).....................................19

*Duval v. Albano*,
   No. 16 Civ. 7810 (KPF), 2017 WL 3053157 (S.D.N.Y. July 18, 2017) ...............................9, 10

*Environmental Services, Inc. v. Recycle Green Services, Inc.*,
   7 F. Supp. 3d 260 (E.D.N.Y. 2014) ........................................................................................17

*Equinox Gallery Ltd. v. Dorfman*,
   No. 17 Civ. 230 (GBD), 2018 WL 745707 (S.D.N.Y. Jan. 25, 2018)..................................9, 10

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
   640 F. Supp. 2d 300 (S.D.N.Y. 2009).....................................................................................17

*Goldfine v. Sichenzia*,
   118 F. Supp. 2d 392 (S.D.N.Y. 2000).....................................................................................12

*Gross v. Waywell*,
   628 F. Supp. 2d 475 (S.D.N.Y. 2009).....................................................................................15

*Gulf Coast Development Group, LLC v. Lebor*,
   No. 02 Civ. 0949, 2003 WL 22871914 (S.D.N.Y. Dec. 4, 2003).............................................18

*Hindin v. N.Y. Lutheran Med. Ctr.*,
   No. 00-CV-7499(FB)(JMA), 2009 WL 366490 (E.D.N.Y. Feb. 13, 2009) ..............................19

*Ideal Steel Supply Corp. v. Anza*,
   652 F.3d 310 (2d Cir. 2011)....................................................................................................20

*In re Express Scripts/Anthem ERISA Litig.*,
   __ F. Supp. __, No. 16 Civ. 3399 (ER), 2018 WL 339946 (S.D.N.Y. Jan. 5, 2018)..................16

*Kuklachev v. Gelfman*,
   600 F. Supp. 2d 437 (E.D.N.Y. 2009) ....................................................................................19

*Loop Prod. v. Capital Connections LLC*,
   797 F. Supp. 2d 338 (S.D.N.Y. 2011)......................................................................................17

*M'Baye v. New Jersey Sports Prod., Inc.*,
   No. 06 Civ. 3439 DC, 2007 WL 431881 (S.D.N.Y. Feb. 7, 2007)............................................15

*Metro-Gem Leasing & Funding Corp. v. Dancy*,
   No. 16-CV-5245(SJF)(AYS), 2017 WL 3491966 (E.D.N.Y. June 19, 2017)............................18

*Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*,
  165 F. Supp. 2d 514 (S.D.N.Y. 2001)...................................................................................19

*NYNEX Corp. v. Discon, Inc.*,
  525 U.S. 128 (1998)........................................................................................................13

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993)........................................................................................................16

*Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*,
  30 F.3d 339 (2d Cir. 1994)..............................................................................................12

*Salinas v. United States*,
  522 U.S. 52 (1997)......................................................................................................10, 17

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
  473 U.S. 479 (1985)........................................................................................................20

*U1it4less, Inc. v. Fedex Corp.*,
  871 F.3d 199 ............................................................................................................11-12

*United States Fire Ins. Co. v. United Limousine Serv. Inc.*,
  303 F. Supp. 2d 432 (S.D.N.Y. 2004)...........................................................................14, 20

*United States v. Zichettello*,
  208 F.3d 72 (2d Cir. 2000)..............................................................................................18

## **Statutes**

18 U.S.C. § 1962(a) ......................................................................................................19, 20

18 U.S.C. § 1962(b) .................................................................................................19, 20, 21

18 U.S.C. § 1962(c) ...........................................................................................1, 7, 10, 16

18 U.S.C. § 1962(d) ..................................................................................................1, 7, 17

## **Rules**

Fed. R. Civ. P. 9 ................................................................................................................15

Fed. R. Civ. P. 8 ................................................................................................................17

Plaintiff Board of Managers of Trump Tower at City Center Condominium ("Plaintiff" or the "Board") respectfully submits this memorandum of law in opposition to the motion of Defendants Stephen Tobia, Stephen Reitano, Joseph Santangelo, Lorraine DiStefano, Gina Thomas, RLA Holdings, LLC, Premium Staffing LLC, Premium Parking, LLC, First Resource Funding LLC ("Moving Defendants") to dismiss Plaintiff's Amended Complaint.

## PRELIMINARY STATEMENT

The Amended Complaint alleges that the Moving Defendants were a part of the Palazzolo Enterprise: an association of business and individuals affiliated with, and revolving around, Frank Palazzolo, who served as Treasurer of the Plaintiff Board for many years. Plaintiff therein alleges that the Moving Defendants received—and facilitated the receipt by others—of money stolen from the reserve and operating accounts of the Condominium for their own benefit and to finance their own business operations.[1]

Plaintiff asserted six claims against Moving Defendants: RICO, 18 U.S.C. § 1962(c); RICO, 18 U.S.C. § 1962(d); Conversion; Aiding and Abetting Breaches of Fiduciary Duty; Unjust Enrichment; and Money Had and Received.  Moving Defendants move to dismiss the two RICO claims asserted against them (18 U.S.C. §§ 1962(c) and (d)) for failure to state a claim pursuant to Rule 12(b)(6).  Moving Defendants also move to dismiss two claims that are not alleged against them, ignoring completely that they lack standing to do so.  The motion to dismiss should be denied in its entirety so that this case may proceed swiftly to discovery.

---

[1] Unless otherwise noted, all capitalized terms shall have the meaning ascribed to them in the Amended Complaint (Dkt. No. 143).

## RELEVANT FACTUAL BACKGROUND

The Amended Complaint describes the operation of the Palazzolo Enterprise, an association-in-fact of businesses and individuals linked together by Defendant Frank Palazzolo, the former Treasurer of the Plaintiff Board.

The Amended Complaint describes dozens of predicate acts committed by the Moving Defendants, who received—and facilitated the receipt by others of—funds stolen from the Condominium's operating and reserve accounts.  These acts constitute actionable predicate acts of racketeering of mail fraud, wire fraud, bank fraud, and violations of the National Stolen Property Act.

*Joseph Santangelo*

Defendant Joseph Santangelo ("Santangelo"), along with the Moving Defendants, argues that the Amended Complaint fails to allege that he committed any predicate acts in support of Plaintiff's civil RICO claims.  MOL at 7–8.[2]  In fact, the Amended Complaint alleges that Santangelo controlled and/or was a managing member of three defendant entities: Premium Staffing ("Staffing"); Premium Parking ("Parking"); and Ridgeview LLC ("Ridgeview").  Dkt. No. 120, ¶¶ 15, 20, 21, 36, and 64.  The Amended Complaint describes how Santangelo, together with Defendant Lorraine DiStefano ("DiStefano") stole hundreds of thousands of dollars for the Palazzolo Enterprise through the operation of the Condominium's garage.  *Id.*, ¶¶ 158–176.  It is alleged[3] that the funds stolen were used to create and operate Parking and Staffing, which then

---

[2] All references to the memorandum of law filed in support of Moving Defendants' motion to dismiss (Dkt. No. 143) shall be of the form "MOL at __."

[3] As directed by the Court at the premotion conference, Plaintiff will amend the Amended Complaint in the future to include the explicit allegation that Premium Parking and Premium Staffing were created and financed with proceeds of the predicate acts of racketeering.  *See* discussion, *infra*, Section IV(B).  Because the absence of those allegations does not prejudice any argument made by any Moving Defendant, that amendment will not be offered to the Court until resolution of pending dispositive motions.

paid themselves unauthorized monthly fees distributed to themselves and members of the Palazzolo Enterprise. *Id.*, ¶¶ 171, 193.

*Lorraine DiStefano*

Defendant DiStefano also argues that the Amended Complaint fails to allege that she committed any predicate acts in support of Plaintiff's civil RICO claims. MOL at 7–8. In fact, the Amended Complaint alleges that DiStefano controlled and/or was a managing member of Staffing and Parking. Dkt. No. 120, ¶¶ 16, 20, 21, 36. The Amended Complaint describes how DiStefano, together with Santangelo, stole hundreds of thousands of dollars for the Palazzolo Enterprise through the operation of the Condominium's garage. *Id.*, ¶¶ 158–176. It is alleged that the funds stolen were used to create and operate Parking and Staffing, which then paid themselves unauthorized monthly fees distributed to themselves and members of the Palazzolo Enterprise. *Id.*, ¶¶ 171, 193. It is also alleged that DiStefano, herself, received unauthorized transfers of the Condominium's funds from the garage account totaling $167,790. *Id.* ¶ 172, App. A thereto. Finally, the Amended Complaint alleges that DiStefano executed the Exclusive Services Agreement, notarized by Defendant Thomas, pursuant to which Ms. DiStefano's entity—Staffing—stole additional hundreds of thousands of dollars in the form of unauthorized transfers of the Condominium's funds from its garage account. *Id.* ¶¶ 174–75.

*Stephen Reitano*

Defendant Stephen Reitano ("Reitano") also argues that the Amended Complaint fails to allege that he committed any predicate acts in support of Plaintiff's civil RICO claims. MOL at 7–8. In fact, the Amended Complaint alleges that Reitano controlled and/or was a managing member of Ridgeview. Dkt. No. 120, ¶ 14. The Amended Complaint describes how Reitano entered into real estate investments and business opportunities with Palazzolo while both served

on the Board of the Condominium.  *Id.* ¶ 32.  While on the Board, Reitano eliminated any

meaningful resistance to the Palazzolo Enterprise's illegal use of the Condominium's funds to

prop up the business schemes of its members.  *Id.* ¶ 55.  In particular, the Amended Complaint

describes how Reitano facilitated the 2010 RLA loan and the misrepresentations made to the

Board in order to secure its approval.  *Id.* ¶ 61.  The Amended Complaint also alleges that he

created and managed Ridgeview with Defendants Santangelo and Stephen Tobia, an entity which

received hundreds of thousands of dollars consisting of fraudulent transfers of Condominium

funds in 2010 and in 2011.  *Id.* ¶¶ 54–65, 91–94.

*Stephen Tobia*

Defendant Stephen Tobia ("Tobia") also argues that the Amended Complaint fails to

allege that he committed any predicate acts in support of Plaintiff's civil RICO claims.  MOL at

7–8.  In fact, the Amended Complaint alleges that Tobia was a business partner of Palazzolo who

controlled and/or was a managing member of Defendants RLA Holdings, LLC ("RLA"), First

Resource Fundings LLC ("First Resource"), Ridgeview, and that he represented to the Board that

he controlled and/or was a managing member of Defendant Antoinette City Center, LLC

("ACC").  Dkt. No. 120, ¶¶ 13, 19, 22, 26, 32, 64, 177.  The Amended Complaint also alleges

that Tobia diverted funds owed to the Condominium by ACC to the Palazzolo Enterprise (¶¶ 38,

177–180), and that, as a member of the Board, eliminated any meaningful resistance to the

Palazzolo Enterprise's illegal use of the Condominium's funds to prop up the business schemes

of its members.  *Id.* ¶ 55.  It is also alleged that, as the sole managing member of RLA, Tobia and

Palazzolo helped divert funds from the Condominium to the Palazzolo Enterprise in connection

with the purported 2010 RLA Loan.  *Id.* ¶¶ 56–61.  It is also alleged that Ridgeview, an entity he

controlled and/or managed, received hundreds of thousands of dollars of unauthorized transfers from the reserve and operating accounts of the Condominium.  *Id.* ¶¶ 54–65, 91–94.

*Gina Thomas*

Defendant Gina Thomas ("Thomas") also argues that the Amended Complaint fails to allege that she committed any predicate acts in support of Plaintiff's civil RICO claims.  MOL at 7–8.  In fact, the Amended Complaint alleges that Thomas was an employee of Defendant F & M Funding LLC ("F&M") that conspired with other defendants to receive—and facilitate the receipt by others of—funds stolen from the Condominium for the benefit of the members of the Palazzolo Enterprise.  Dkt. No. 120, ¶ 17.  Specifically, the Amended Complaint alleges that Thomas received 15 unauthorized transfers of funds from the Condominium's garage accounts totaling $72,400.  *Id.*, ¶ 172.  The Amended Complaint also alleges that Ms. Thomas falsely notarized a signature on the Exclusive Services Agreement that was used to bilk the Condominium out of hundreds of thousands of dollars.  *Id.*, ¶ 174.

*RLA Holdings, LLC*

Defendant RLA also argues that the Amended Complaint fails to allege that it committed any predicate acts in support of Plaintiff's civil RICO claims.  MOL at 7–8.  In fact, the Amended Complaint alleges that RLA was an entity controlled by Palazzolo and which operated out of the same offices as Palazzolo and numerous other members of the Palazzolo Enterprise. Dkt. No. 120, ¶ 11.  The Amended Complaint alleges that RLA received—and facilitated the receipt by others of—funds stolen from the Condominium for the benefit of the members of the Palazzolo Enterprise.  *Id.*, ¶ 19.  It is alleged that RLA diverted hundreds of thousands of dollars in utility payments owed to the Condominium to the members of the Palazzolo Enterprise.  *Id.* ¶ 38.  RLA received millions of dollars in unauthorized transfers of Condominium funds which

were used to serve the business interests of the members of the Palazzolo Enterprise.  *Id.*, ¶¶ 135, 147, 172, App. A thereto.

*First Resource Funding LLC*

Defendant First Resource also argues that the Amended Complaint fails to allege that it committed any predicate acts in support of Plaintiff's civil RICO claims.  MOL at 7–8.  In fact, the Amended Complaint alleges that First Resource was an entity controlled by Defendants Palazzolo and Tobia which operated out of the same offices as Palazzolo and numerous other members of the Palazzolo Enterprise.  Dkt. No. 120, ¶¶ 11, 13, 26.  It is alleged that First Resource received unauthorized transfers of Condominium funds from the garage account totaling $23,335.57.  *Id.* ¶ 172, App. A thereto.

*Premium Parking, LLC*

Defendant Parking also argues that the Amended Complaint fails to allege that it committed any predicate acts in support of Plaintiff's civil RICO claims.  MOL at 7–8.  In fact, the Amended Complaint alleges that Premium Parking was an entity controlled by Defendants Santangelo and DiStefano operating out of the same offices as Palazzolo and numerous other members of the Palazzolo Enterprise.  Dkt. No. 120, ¶¶ 11, 15, 16, 57.  The Amended Complaint alleges that Parking received—and facilitated the receipt by others of—funds stolen from the Condominium for the benefit of the members of the Palazzolo Enterprise.  *Id.*, ¶¶ 21, 158–172. It is also alleged that Parking overbilled the Condominium for services described in a Parking Agreement, thus receiving hundreds of thousands of dollars to which it was not entitled, and which it then distributed to other members of the Palazzolo Enterprise.  *Id.*, ¶¶ 36, 158–72.

*Premium Staffing LLC*

Defendant Staffing also argues that the Amended Complaint fails to allege that it committed any predicate acts in support of Plaintiff's civil RICO claims. MOL at 7–8. In fact, the Amended Complaint alleges that Premium Staffing was an entity controlled by Defendants Santangelo and DiStefano operating out of the same offices as Palazzolo and numerous other members of the Palazzolo Enterprise. Dkt. No. 120, ¶¶ 11, 15, 16 57. The Amended Complaint alleges that Staffing received—and facilitated the receipt by others of—funds stolen from the Condominium for the benefit of the members of the Palazzolo enterprise. *Id.*, ¶¶ 20, 118, 158– 72. It is also alleged that Staffing diverted funds belonging to the Condominium to itself and to members of the Palazzolo Enterprise. *Id.*, ¶¶ 118, 167, 168, 171. The Amended Complaint also alleges that Staffing falsely billed the Condominium for hundreds of thousands of dollars in services it did not provide, and then transferred those amounts from the garage accounts to other members of the Palazzolo Enterprise. *Id.*, ¶¶ 174–75.

It is alleged that these acts constitute, among other things, predicate acts of mail fraud, wire fraud, bank fraud, and violations of the National Stolen Property Act, each giving rise to civil RICO liability against the Moving Defendants pursuant to 18 U.S.C. § 1962(c) and (d), among other things. *Id.*, ¶¶ 181–252.

Further, as these excerpted allegations make clear, the Moving Defendants did not work independently. The Amended Complaint alleges the numerous ways that each of Moving Defendants conspired with each other and with other Defendants to commit predicate acts of racketeering for the benefit of the Palazzolo Enterprise and to the detriment of the Condominium and its Unit Owners.

For example, it is alleged that, while serving as a Board Member, Moving Defendant Tobia, the managing member of Moving Defendant First Resource and the managing member of Defendants RLA and ACC, collected hundreds of thousands of dollars from the tenants of the Condominium's commercial units (owned by Defendants RLA and ACC) for their use of utilities, but diverted those payments to the Palazzolo Enterprise, leaving Condominium Unit Owners on the hook to pay those Defendants' electric bills. *Id.* ¶ 38.

It is separately alleged that Moving Defendant Tobia conspired with Palazzolo to deceive Plaintiff regarding the 2010 RLA Loan; resulting in the theft of hundreds of thousands of dollars from the Condominium's reserve funds by Defendant F & M. *Id.* ¶ 60.

The Amended Complaint alleges how Moving Defendants Tobia and Reitano (the creator and manager of Defendant Ridgeview) cooperated with Palazzolo in a scam designed to steal unclaimed tax refunds from Condominium Unit Owners for the benefit of the Palazzolo Enterprise. *Id.* ¶ 89.

It is alleged that the theft of the proceeds of the 2015 RLA Loan was accomplished by Moving Defendant Tobia's cooperation with Palazzolo. *Id.* ¶ 151.

The Amended Complaint alleges that DiStefano opened the Garage Account, along with Palazzolo and Moving Defendant Santangelo, which account was used to distribute stolen funds to the members of the Palazzolo Enterprise (for which, it is alleged, Moving Defendant Staffing paid itself a monthly fee charged to the Condominium). *Id.* ¶ 160.

In 2014, along with Palazzolo, DiStefano presented an agreement to the Condominium between Moving Defendant Premium Parking—an entity which was never organized—and the Condominium that, it is alleged, provided cover for Parking, DiStefano, and Santangelo to steal hundreds of thousands of dollars from the Condominium in 2015 and 2016 for the benefit of the

Palazzolo Enterprise and its members, including Defendants F&M, BAB I, and BAB II, and to Moving Defendants RLA, DiStefano, Thomas, First Resource, and Parking. *Id.* ¶¶ 169-72.

That same year, Moving Defendants DiStefano, Staffing, and Thomas, cooperated with Palazzolo to present an executed "Exclusive Services Contract" to the Condominium which provided cover for the Enterprise to improperly divert additional payments from the Condominium to the Palazzolo Enterprise. *Id.* ¶ 174.

These allegations are more than is necessary to meet the standards necessary for pleading the causes of action asserted by the Plaintiff against Moving Defendants.  As set forth below, no legal authority supports dismissal of these claims.

## **ARGUMENT**

### I.      **STANDARD OF REVIEW**

The standard of review upon a motion to dismiss is well known.  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In deciding such a motion, a court must accept as true the facts alleged in the complaint, and all reasonable inferences are to be drawn in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Duval v. Albano*, No. 16 Civ. 7810(KPF), 2017 WL 3053157, *4–*13 (S.D.N.Y. Jul. 18, 2017) (denying motion to dismiss civil RICO claims); *Equinox Gallery Ltd. v. Dorfman*, No. 17 Civ. 230 (GBD), 2018 WL 745707, *4–*8 (S.D.N.Y. Jan. 25, 2018) (same).

A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 677 (*citing Twombly*, 550 U.S. at 556).  Plausibility is something more than "sheer possibility"

but is not "akin to a 'probability requirement.'"  *Id.* at 678.  *See also Duval*, 2017 WL 3053157 at *8; *Equinox Gallery*, 2018 WL 745707 at *4.

## II.     PLAINTIFF HAS ADEQUATELY ALLEGED A CAUSE OF ACTION PURSUANT TO 18 U.S.C. § 1962(c) AGAINST MOVING DEFENDANTS

18 U.S.C. § 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  It is alleged in the Amended Complaint that the Moving Defendants are liable to Plaintiff for violation of this statute by their conduct and participation in the Palazzolo Enterprise.  Dkt. No. 120, ¶¶ 209–215.  The elements of such a claim are "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity."  *Salinas v. United States*, 522 U.S. 52, 62 (1997).  As described in the Amended Complaint, each of the Moving Defendants was a member of the Palazzolo Enterprise that committed multiple predicate acts in furtherance thereof and that received, or facilitated the receipt by others, of funds improperly taken from the reserve and operating accounts of the Condominium.

In support of their motion to dismiss, Moving Defendants raise two arguments that do not survive minimal inspection.  Moving Defendants argue first that the Amended Complaint does not allege a defendant distinct from the RICO enterprise (MOL at 4–7), and second that the Amended Complaint fails to allege that any Moving Defendant committed any act of racketeering (*id.* at 7–8).  As discussed below, one of these arguments reflects a fundamental misunderstanding of relevant legal principles, the other is uncompelling in light of the allegations of the Amended Complaint.

**A.      The Amended Complaint Satisfies the "Distinctness" Requirement**

Moving Defendants argue that the Amended Complaint does not allege a RICO "person"

distinct from the alleged RICO enterprise, compelling dismissal as a matter of law.  MOL at 4.

While the distinctness doctrine is a recognized legal principle, Moving Defendants' motion is not

supported by it in any way.

It has long been held by the Courts of this Circuit that the civil RICO claims require

allegations of both a person and an enterprise.  *Cedric Kushner Promotions, Ltd. v. King*, 533

U.S. 158, 161 (2001).  The "Distinctness" requirement refers to the holding that—other than in

certain exceptions (for example, those found to satisfy the distinctness requirement in *Cedric*

*Kushner*)—the same entity cannot be both the RICO person and the RICO enterprise.  *See, e.g.*,

*Cruz v. FXDirect Dealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013).

Indeed, *Cruz*, relied upon by Moving Defendants (MOL at 4) is instructive because it is

factually distinct from the instant case.  As the Second Circuit explained in that case, the

plaintiff's claims failed because he had alleged that the enterprise *was* the person.  Specifically,

plaintiff alleged that a business entity (defendant FXDD) was the RICO person that committed

predicate acts of racketeering and that its employees and subsidiaries, conducting their "regular

affairs" were the RICO enterprise (the FXDD Fraud Enterprise).  *Id.* at 120–21.

Here, however, Plaintiff alleges that the Palazzolo Enterprise comprises six individuals

and 9 business organizations that committed predicate acts of racketeering, namely stealing

money from the Condominium.  This satisfies the distinctness requirement, as discussed in the

authority cited by Moving Defendants, which stands only for the inapposite and unobjectionable

proposition that a *single* corporate entity (including subsidiaries and employees) cannot be both

the RICO person and the RICO enterprise.  *See, e.g.*, *U1it4less, Inc. v. Fedex Corp.*, 871 F.3d

199, 205–207 (FedEx Ground, the alleged RICO enterprise, was not sufficiently distinct from

FedEx Corp. and FedEx Services, the alleged RICO persons) (2d Cir. 2017);[4] *De Sole v.*

*Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 300–301 (S.D.N.Y. 2013) (rejecting motion to

dismiss where complaint adequately alleged distinct RICO person and RICO entity).

Moving Defendants describe their position in two similar arguments.  First, Moving

Defendants argue that "because all the members of the association-in-fact are *also* named as

RICO Defendants" the claim must be dismissed as a matter of law.  MOL at 4–6.  This is not,

however, a principal of law reflected in any cited (or otherwise located) decision.  *See, e.g.*,

*Boyle v. United States*, 556 U.S. 938, 947–48 (2009) (noting the breadth of the term "enterprise"

and stating that "an association-in-fact enterprise is simply a continuing unit that functions with a

common purpose.").

Moving Defendants' contention is absurd: it is not the law that the RICO statute requires

Plaintiff to *omit* one of the members of the RICO enterprise in order to bring its claim.  Moving

Defendants' cited authority does not support this contention.  In *City of New York v. Cyco.Net,*

*Inc.*, 383 F. Supp. 2d 526 (S.D.N.Y. 2005) (MOL at 4–5) plaintiff alleged seven separate RICO

enterprises that had nothing to do with each other.  Each enterprise was no more than a corporate

entity and its respective employees.  *Id.* at 548–49.  Correspondingly, and in reliance upon the

Second Circuit's opinion in *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.* (30

F.3d 339 (2d Cir. 1994)) the District Court in *Cyco.Net* dismissed the plainly insufficient

---

[4] Moving Defendants also cite to *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392 (S.D.N.Y. 2000) (MOL at 4), however that case does not address the distinctness requirement; rather, claims were dismissed, principally, due to plaintiff's failure to allege cognizable damages.  118 F. Supp. 2d at 397.

allegations as merely describing "a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant."[5]

Similarly, in *Discon Inc. v. NYNEX Corp.* (93 F.3d 1055 (2d Cir. 1996))[6] the Second Circuit repeated the well-known rule that "a corporate entity may not be simultaneously the 'enterprise' and the 'person' who conducts the affairs of the enterprise through a pattern of racketeering activity." *Id.* at 1063 (quoting *Bennett v. United States Trust Co.*, 770 F.2d 308, 315 (2d Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986)). Correspondingly, the holding in that case—that claims were insufficient based upon allegation of "a single corporate structure, guided by a single corporate consciousness"—was unsurprising. *Id.* at 1064.

These cases are unavailing here, where Plaintiff has alleged that the RICO enterprise comprises many *different* corporate entities and individuals operating together as an association-in-fact. Correspondingly, this case is not a close call, but even if it were closer, this Court would be guided by the Second Circuit's opinion in *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987), *overruled on other grounds*, *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987). In *Cullen*, the Second Circuit clarified that the doctrine of distinctness did not mean that a defendant could not participate in the affairs of a RICO enterprise of which it was a part, but rather, that an entity may not be "deemed 'associated with' *only* itself." *Id.* at 729–30 (emphasis added). Here, no particular corporate defendant is alleged to have constituted the entirety of the

---

[5] Notably, the Second Circuit ultimately held, in an appeal of one of the claims in *Cyco.Net*, that claims against one of the employees and its employees was sufficient to satisfy the distinctness requirement. *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 448 (2d Cir. 2008) (*reversed and remanded on other grounds by Hemi Group, LLC v. City of New York*, 591 U.S. 1 (2010)).

[6] *Vacated on other grounds*, *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128 (1998).

Palazzolo Enterprise, nor is the Palazzolo Enterprise allegedly composed of only its own employees and subsidiaries.[7]

Second, Moving Defendants argue that because the alleged Palazzolo Enterprise includes corporate entities and their officers, employees, and agents, it fails the distinctness requirement. MOL at 6–7. To the extent that this argument constitutes an "additional" reason (MOL at 6), no logic or case law supports this statement. Moving Defendants rely on two cases for this twisted proposition. First, they rely on *Cruz*. This is misleading. *Cruz* did not hold that an alleged enterprise comprising *multiple* business organizations failed to establish a RICO enterprise distinct from a RICO person. Rather, as noted above, *Cruz* simply stands for the uncontroversial holding that a *single* business organization (typically) cannot be both a RICO person and, through its employees and stakeholders, also be the RICO enterprise. 720 F.3d at 121 (discussed, *supra*, at Section II(A)). Moving Defendants' other citation—*Atlantic Int'l Movers, LLC v. Ocean World Lines, Inc.*, 914 F. Supp. 2d 267 (E.D.N.Y. 2012) (MOL at 6–7)—is no more helpful. In that case, the alleged "separate" entities, were, in reality, affiliates of a single entity, and "plaintiff does not allege conduct by any party that was not in the course of their employment or on behalf of" that single entity. *Id.* at 274–75.

Once again, the Amended Complaint contains fundamentally different allegations than those dismissed in *Atlantic Int'l Movers*. The Amended Complaint does not, for example, allege that each of F&M Funding LLC, Antoinette City Center, Ridgeview Holdings LLC, and B.A.B. Group I, LLC (to name a few) were part of a single corporate structure. Rather, they were all separate businesses alleged to have been a part of the Palazzolo Enterprise that received—and

---

[7] Moving Defendants also cite *United States Fire Ins. Co. v. United Limousine Serv. Inc.*, 303 F. Supp. 2d 432 (S.D.N.Y. 2004) (MOL at 5), but that opinion merely recites the same principles and, in fact, concludes that the allegations of the amended complaint—against multiple corporate entities and individuals—satisfied the distinctness requirement. *Id.* at 447–448.

facilitated the receipt by others—of funds that Palazzolo stole from the Condominium.  It is not

that Moving Defendants' argument is based on bad law—it is just based on law that is unhelpful

in addressing the sufficiency of the instant pleadings, which satisfy the distinctness requirement

for civil RICO claims.

### B.      Moving Defendants Committed Multiple Acts of Racketeering

Moving Defendants' second argument is that the Amended Complaint fails to allege that

anyone other than Frank Palazzolo committed any predicate acts.  MOL at 7–8.  This simply

ignores the paragraphs of the Amended Complaint to the contrary.  *Supra*, at 2 ("Relevant

Factual Background").  The case law cited by Moving Defendants is unobjectionable and

unhelpful.  In *M'Baye v. New Jersey Sports Prod., Inc.*, No. 06 Civ. 3439 DC, 2007 WL 431881

(S.D.N.Y. Feb. 7, 2007) (MOL at 7), the plaintiff simply did not allege any predicate acts by a

particular defendant.  *Id.* at *7.

Moving Defendants also argue in this section that they have been improperly lumped into

collective allegations, failing the particularity requirement of Rule 9(b) of the Federal Rules of

Civil Procedure ("Fed. R. Civ. P.").  But here, the allegations against the Moving Defendants are

individualized and particularized; transfers constituting actionable predicate acts are identified

with specificity.  *Supra*, at 2 ("Relevant Factual Background"); Dkt. No. 120, App. A thereto.

The Amended Complaint is nothing like the pleadings rejected in *Gross v. Waywell*, 628 F.

Supp. 2d 475 (S.D.N.Y. 2009).  MOL at 7.  In that case, the District Court dismissed claims that

did not "indicate individually which of the three defendants actually engaged in the particular

predicate acts of mail or wire fraud offenses that Plaintiffs allege constitutes a pattern of

racketeering."  628 F. Supp. 2d at 495.

Third, Moving Defendants argue that the Amended Complaint fails to allege "management" of the affairs of the Palazzolo Enterprise.  MOL at 7–8, *citing Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126 (E.D.N.Y. 2010).  The "operation or management" requirement was first described by the Supreme Court in *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). While Moving Defendants do not specify against *which* Moving Defendant Plaintiff's claims are inadequately alleged, it would not matter: the Amended Complaint explains how *each* of the Moving Defendants participated in the operation or management of the Palazzolo Enterprise. *Supra*, at 2 ("Relevant Factual Allegations").  This is far more than is necessary at this stage:

> [The] 'operation or management test' requires neither primary responsibility for enterprise affairs, nor, as the Defendant points out, a formal position in the enterprise, only that a defendant have 'some part in directing the enterprise's affairs.' . . .  In the Second Circuit, 'the operation or management' test typically has proven to be a relatively low hurdle for plaintiffs to clear, especially at the pleading stage.' . . . .  The question of operation or management 'is essentially one of fact.'

*City of New York v. Lasership, Inc.*, 33 F. Supp. 3d. 303, 309–10 (S.D.N.Y. 2014) (internal citations omitted).  This case is dissimilar to *Conte*, in which plaintiffs failed to allege how "various entities and individuals exerted control over the enterprise's affairs."  703 F. Supp. 2d at 135.  Here, the Amended Complaint alleges how each of the Defendants directed funds stolen from the Condominium to and among the various members of the Palazzolo Enterprise.  This constitutes sufficient pleadings of "operation or management" of the enterprise's "affairs which relate to the alleged RICO violation."  *In re Express Scripts/Anthem ERISA Litig.*, __ F. Supp. __, No. 16 Civ. 3399 (ER), 2018 WL 339946, *19 (S.D.N.Y. Jan. 5, 2018).  The determination of whether this constitutes "operation or management" is a question of fact, and compels rejection of this argument in the motion to dismiss.  *Lasership*, 33 F. Supp. at 309–10.

### III.   THE AMENDED COMPLAINT ADEQUATELY ALLEGES CLAIMS AGAINST THE MOVING DEFENDANTS FOR VIOLATIONS OF § 1962(d)

Moving Defendants argue the Amended Complaint fails to allege facts giving rise to liability pursuant to 18 U.S.C. § 1962(d).  MOL at 10–12.  First, Moving Defendants argue that absent a substantive claim under the RICO statute, a conspiracy claim under § 1962(d) must be dismissed.  As set forth above, the Amended Complaint adequately alleges substantive civil RICO claims against Moving Defendants.

Second, Moving Defendants argue that the conspiracy allegations are too vague and conclusory to support a claim.  MOL at 10–12.  However, the allegations of the Amended Complaint are of precisely the sort regularly approved by courts of this Circuit at the pleading stage, compelling rejection of this argument.

The Amended Complaint need only allege a conspiracy under the more liberal pleading requirements of Fed. R. Civ. P. 8(a).  *See, e.g.*, *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 155 (S.D.N.Y. 2014) (listing authority and noting that allegations that defendants knew of the general nature of the conspiracy were sufficient to state a claim under 1962(d)).  An explicit agreement need not be alleged; allegations supporting an inference of such an agreement are sufficient.  *Id.*; *see also*, *Environmental Services, Inc. v. Recycle Green Services, Inc.*, 7 F. Supp. 3d 260, 275 (E.D.N.Y. 2014); *Fuji Photo Film U.S.A., Inc. v. McNulty*, 640 F. Supp. 2d 300, 321 (S.D.N.Y. 2009).  Moving Defendants' willing participation in multiple predicate acts is more than is required to allege a RICO conspiracy.  *Salinas v. United States*, 522 U.S. 52, 64–5 (1997).  Moving Defendants' authority does not counsel otherwise.  *See, e.g.*, *Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, 350 (S.D.N.Y. 2011) (MOL at 10–11) (allegations that defendants knew "the general nature of the conspiracy and that the conspiracy extends beyond

[his] individual role[]" were sufficient to establish RICO conspiracy claims) (quoting *United States v. Zichettello*, 208 F.3d 72. 99 (2d Cir. 2000)).

      Here, the Amended Complaint alleges that Moving Defendants were Board members with knowledge of the true nature of unauthorized transfers to members of the Palazzolo Enterprise, that they controlled and/or were managing members of the defendant entities making up the Palazzolo Enterprise, and that they received—or facilitated the receipt by others of—the Condominium's money.  The ways in which this was done are legion.  *Supra*, at 2 ("Relevant Factual Allegations").

      The allegations of the Amended Complaint are similar to those before the District Court in *Gulf Coast Development Group, LLC v. Lebor*, No. 02 Civ. 0949, 2003 WL 22871914 (S.D.N.Y. Dec. 4, 2003).  There, the Court found conspiracy claims well-pleaded where the complaint alleged that:

> funds were paid to [one defendant] by plaintiffs and then quickly transferred into defendants' bank accounts and that [other defendants] had opened these accounts for the purpose of receiving funds from [the first defendant]. . . .  Additionally, plaintiffs have alleged that defendants knew or should have known that they had no legitimate entitlement to the funds transferred and that they thus were or should have been aware that they were part of a larger enterprise that was effectuating the transfer of the funds. . . .  The facts plaintiff have alleged, that defendants, on multiple occasions, voluntarily received funds from [one defendant] to which they were not entitled, are sufficient to create an inference that defendants consciously agreed to participate in a RICO conspiracy. Accordingly, the motion to dismiss plaintiffs' claim that defendants participated in a RICO conspiracy is denied."

*Id.* at *5.

      The nearly identical allegations in the Amended Complaint place this matter far afield of Moving Defendants' sources of authority.  In *Metro-Gem Leasing & Funding Corp. v. Dancy*, No. 16-CV-5245(SJF)(AYS), 2017 WL 3491966 (E.D.N.Y. Jun. 19, 2017) (MOL at 11), "the

amended complaint [wa]s devoid of any factual allegations from which it may reasonably be inferred that the [] defendants agreed to join or participate in the alleged RICO enterprise with knowledge that predicate acts would be committed by the [co-]defendants, … or any other alleged member of that enterprise…." *Id.* at \*10.  Similarly distinct are the facts of *Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*, 165 F. Supp. 2d 514 (S.D.N.Y. 2001) (MOL at 11) (dismissing pleadings for, among many reasons, being "devoid of factual assertions concerning the existence and nature of an agreement and unspecific as to the participants therein.")  *Id.* at 541.

## IV.    MOVING DEFENDANTS' MOTION TO DISMISS THE CLAIMS UNDER 1962(a) AND (b) MUST FAIL

### A.    Moving Defendants Do Not Have Standing to Move to Dismiss These Claims

Moving Defendants dedicate pages of their memorandum of law in support of a motion to dismiss claims that were not brought against them, pursuant to 18 U.S.C. § 1962(a) and (b). MOL at 8–10.  Those claims were brought only against Palazzolo.  Dkt. No. 120, ¶¶ 181–208.

It is axiomatic that a party may not move for relief from claims that are not asserted directly against that party.  *See Dover Ltd. v. A.B. Watley, Inc.*, No. 04 Civ. 7366 (FM), 2006 WL 2987054, \*8 (S.D.N.Y. Oct. 18, 2006); *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 455 (E.D.N.Y. 2009) ("Movants do not have standing to move on behalf of other defendants to this action."); *Hindin v. N.Y. Lutheran Med. Ctr.*, No. 00-CV-7499(FB)(JMA), 2009 WL 366490, at \*1 (E.D.N.Y. Feb. 13, 2009) (same).

This Court invited Moving Defendants, at the premotion conference in contemplation of this motion, to explain their standing to move with respect to these claims.  Apparently, Moving Defendants have declined the invitation.

**B.     The Claims are Alleged Adequately**

Looking past the fact that Moving Defendants cannot argue for the dismissal of claims

not asserted against them, this Court should still deny the motion because, in fact, the Amended

Complaint alleges satisfactorily the asserted claims against Frank Palazzolo pursuant to

§§ 1962(a) and (b).

In order to state a claim arising from a violation of 18 U.S.C. § 1962(a), a plaintiff must

allege "(1) that the defendant received income from a pattern of racketeering activity; and (2)

that the plaintiff was directly harmed by the defendant's use or investment of that income."

*United States Fire Ins. Co. v. United Limousine Service, Inc.*, 303 F. Supp. 2d 432, 448

(S.D.N.Y. 2004).  As the Second Circuit explained in *Ideal Steel Supply Corp. v. Anza*, 652 F.3d

310, 321 (2d Cir. 2011):

> the numerous disjuncts in § 1962(a) create a broad prohibition.
> Assuming a pattern of racketeering activity and a commerce-
> affecting enterprise, both the funds derived 'directly or indirectly'
> from such activity and the 'proceeds of such income' are tainted:
> no part of the 'income, or the proceeds of such income' may
> lawfully be 'use[d] or invest[ed],' whether 'directly or indirectly,'
> in 'the establishment or operation' of that enterprise.  Thus,
> although the injury alleged to result from the violation of
> subsection (a)—as from the violation of any other subsection of §
> 1962—must be sufficiently directly related to the violation to meet
> the legal standard of proximate cause implied in § 1964(c), the
> many disjuncts in § 1962(a) mean that any dozens of combinations
> or permutations will constitute a violation of that section.  And
> 'RICO is to be read broadly.'

*Id.* at 322 (*quoting Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)).

Here, it is alleged that Palazzolo used and invested the proceeds of the racketeering

activity to harm the Condominium.  This was done in many ways, including by investing

Condominium funds in his own real estate ventures and in entities such as Moving Defendants

Parking and Staffing, which then overcharged the Condominium for hundreds of thousands of

dollars.  Dkt. No. 120, ¶¶ 158–76.[8]  Notably, Palazzolo did not move to dismiss this well-supported claim against him.

In order to state a claim under 18 U.S.C. § 1962(b), a plaintiff must allege that "(1) the defendants engaged in a pattern of racketeering activity for the purpose of acquiring an interest in or maintaining control of the enterprise; (2) the defendants in fact acquired an interest in or maintained control of the enterprise through a pattern of racketeering activity; and (3) the plaintiff suffered an injury as a result of the acquisition or control, separate and apart from any injuries attributable to the individual predicate acts of racketeering." *Continental Finance Co. v. Ledwith*, No. 08 CIV. 7272(PAC), 2009 WL 1748875, * 4 (S.D.N.Y. June 22, 2009).

Courts of this Circuit have noted, however, that "[a]llegations that the acquisition or maintenance of an interest in an enterprise was obtained by arranging financing satisfies the requirements of section 1962(b)." *Constellation Bank, N.A. v. C.L.A. Mgmt. Co.*, No. 94 CIV. 0989 (RPP), 1995 WL 42285, *3–*4 (S.D.N.Y. Feb. 1, 1995).  The Amended Complaint allegation that Palazzolo used Condominium funds to qualify for investments in projects like Ridgeview LLC—satisfies these pleading requirements.[9]  Correspondingly, it is unsurprising that Palazzolo, himself, also did not move to dismiss this claim against him.

---

[8] As noted previously (*supra*, n. 3), to the extent the cited portions of the Amended Complaint do not constitute actionable allegations of the use or investment of proceeds of the racketeering activity, Plaintiff has agreed to amend its claims, if necessary following disposition of the instant motion, to include, at a minimum, allegations that Premium Parking and Premium Staffing were created with money stolen from the Condominium, which entities did then commit acts of racketeering that harmed Plaintiff, and that Condominium funds were used to acquire interests in the Condominium's commercial tenants which then refused to pay amounts owed to the Condominium.

[9] These claims are also bolstered by the additional proposed allegations that Palazzolo acquired an interest in a number of Entity Defendants, including but not limited to Moving Defendants Premium Staffing and Premium Parking, with the proceeds of the racketeering, satisfying the requirement of a § 1962(b) claim to establish injury by the act of the acquisition of those entities, rather than by the underlying racketeering itself.

## CONCLUSION

For the foregoing reasons, Moving Defendants' Motion to Dismiss should be denied in its entirety.  The motion is supported by unsupported argument that—at best—misunderstands the law of this Circuit and ignores the plain-spoken allegations of the Amended Complaint.  Should the Court be inclined to grant any portion of either motion, such dismissal should be without prejudice for Plaintiff to replead.

Dated:  New York, New York
        March 16, 2018

                    **MEISTER SEELIG & FEIN LLP**
                    By: /s/ Adam B. Oppenheim
                    Adam B. Oppenheim
                    125 Park Avenue, 7th Floor
                    New York, New York 10017
                    Tel: (212) 655-3500
                    E-mail: abo@msf-law.com
                    *Attorneys for Plaintiff*