UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THE BOARD OF MANAGERS OF TRUMP TOWER
AT CITY CENTER CONDOMINIUM, by its President,
Alan Neiditch,

                                                     Docket No. 16-cv-9188 (KMK)

               Plaintiff,

   v.

FRANK PALAZZOLO, MARY PALAZZOLO,
STEPHEN TOBIA, STEPHEN REITANO, JOSEPH
SANTANGELO, LORRAINE DISTEFANO, GINA
THOMAS, LORI OVERTON, F&M FUNDING LLC,
RLA HOLDINGS, LLC, PREMIUM STAFFING LLC,
PREMIUM PARKING, LLC, ANTOINETTE CITY
CENTER, LLC, RIDGEVIEW HOLDINGS LLC,
B.A.B. GROUP I, LLC, B.A.B. GROUP II, LLC, FIRST
RESOURCE FUNDINGS LLC, and REDA, ROMANO
& COMPANY, LLP,

               Defendants.

---------------------------------------------------------------X

---

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS PALAZZOLO'S COUNTERCLAIMS AND STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES

---

HASS & GOTTLIEB
*Attorneys for Defendants*
*FRANK PALAZZOLO, MARY PALAZZOLO,*
*F&M FUNDING LLC, RIDGEVIEW HOLDINGS LLC,*
*B.A.B. GROUP I, LLC and B.A.B. GROUP II, LLC*
670 White Plains Road, Suite 121
Scarsdale, New York 10583
(914) 725-2600
lgesquire@lmgottlieb.com

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................-iii-

PRELIMINARY STATEMENT ...............................................................................1

I.   PALAZZOLO'S COUNTERCLAIMS SHOULD NOT BE DISMISSED ...........................4

ARGUMENT.........................................................................................................5

     A.   Legal Standard - Motion to Dismiss ...........................................................5

     B.   Palazzolo Did Not Waive his Counterclaims for Unjust Enrichment or
Promissory Estoppel ...................................................................................5

     C.   Palazzolo's Counterclaims are not Barred by the Statute of Limitations ...............8

     D.   Palazzolo has Adequately Pled a Claim for Unjust Enrichment.............................11

          1.   The Condominium By-Laws do not preclude Palazzolo's unjust
enrichment claim .............................................................................11

     E.   Defendant's Counterclaim for Unjust Enrichment Does Not Violate the
Statute of Frauds .......................................................................................14

     F.   Palazzolo has Sufficiently Alleged the Element of Equity and Good
Conscience as to His Unjust Enrichment Counterclaim ........................................15

II.  PALAZZOLO HAS ADEQUATELY PLED A PROMISSORY ESTOPPEL
COUNTERCLAIM ..............................................................................................17

     A.   Palazzolo Has Sufficiently Alleged Repudiation of a Clear and Unambiguous
Promise....................................................................................................17

     B.   Palazzolo has Alleged Reasonable Reliance on Representations by the
Board........................................................................................................18

     C.   Palazzolo Need not Allege Unconscionable Injury ...............................................19

III. THE COURT SHOULD NOT STRIKE ANY OF DEFENDANTS' AFFIRMATIVE
DEFENSES ........................................................................................................20

     A.   Legal Standard - Motion to Strike Affirmative Defenses Under Rule 12(f) ............21

Page

B.   Plaintiff's Motion to Strike Defendants' Affirmative Defenses Must be
Denied.............................................................................................................21

CONCLUSION .............................................................................................................23

# TABLE OF AUTHORITIES

Page

**Cases**

*118 East 60th Owners, Inc. v. Bonner Properties, Inc.,*
677 F.2d 200 (2d Cir. 1982) ..................................................................10

*273 Lee Ave. Tenants Assoc. v. Steinmetz,*
2017 WL 6383960 (S.D.N.Y. Nov. 14, 2017)........................................21

*Abdrabo v. State of New York,*
2005 WL 1278539 (S.D.N.Y. May 27, 2005) ...........................................9

*Ackerman v. Landes,*
493 N.Y.S.2d 59 (2d Dept. 1985).........................................................20

*Adler v. Alcide Corp.,*
1998 WL 684597 (S.D.N.Y. Sept. 30, 1998) ........................................10

*Aleph Towers, LLC v. Ambit Texas, LLC,*
2013 WL 4517278 (S.D.N.Y. Aug. 23, 2013)..........................................5

*Brody v. Brody,*
2009 WL 436404 (S.D.N.Y. Feb. 17, 2009) .........................................16

*Burgee v. Patrick,*
1996 WL 227819 (S.D.N.Y. May 3, 1996) ..............................................9

*Castellotti v. Free,*
27 N.Y.S.3d 507 (1st Dept. 2016) ........................................................11

*Dorfman v. Reffkin,*
37 N.Y.S.3d 517 (1st Dept. 2016) ........................................................15

*EBC I, Inc. v. Goldman Sacks & Co.,*
777 N.Y.S.2d 440 (1st Dept. 2004) ......................................................16

*Estee Lauder, Inc. v. Fragrance Counter, Inc.,*
189 F.R.D. 269 (S.D.N.Y. 1998).........................................................21

*Fleet Bank v. Pine Knoll Corp.,*
736 N.Y.S.2d 737 (3d Dept. 2002).......................................................19

*Garson v. Garson,*
2017 WL 2915386 (S.D.N.Y. Aug. 6, 2017)............................................8

**Page**

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.*,
  49 F.Supp.2d 298 (S.D.N.Y. 1999) ............................................................... 16

*Green Tree Servicing, LLC v. Christodoulakis*,
  136 F.Supp.3d 415 (S.D.N.Y. 2015) ............................................................. 12

*Hispanic Independent Televisions Sales, LLC v. Una Vez Mas L.P.*,
  973 N.Y.S.2d 60 (1st Dept. 2013) ................................................................. 10

*JF Capital Advisors LLC v. Lightstone Group LLC*,
  25 N.Y.3d 759 (N.Y. 2015) ........................................................................... 15

*Kamen v. AT&T*,
  791 F.2d 1006 (2d Cir. 1986) ........................................................................... 6

*Kapsis v. American Home Mortg. Servicing, Inc.*,
  923 F.Supp.2d 430 (E.D.N.Y. 2013) ............................................................. 17

*Las Olas Investor Group LLC v. Las Olas Tower Co., Inc.*,
  208 WL 80741 (S.D.N.Y. Jan. 2, 2008) ........................................................ 12

*Mars Assocs., Inc. v. City of New York*, 70 A.D. 2d 839, 418 N.Y.S.2d 27 (1st Dept. 1979) ........ 8

*Mendez v. Bank of Am. Home Loans Servicing, L.P.*,
  840 F.Supp.2d 639 (E.D.N.Y. 2012) ............................................................. 17

*Partell v. Fidelity Nat. Title Ins. Services*,
  2012 WL 5288754 (W.D.N.Y. Oct. 24, 2012) .................................................. 5

*Polargrid, LLC v. Videsh Sanchar Nigam, Ltd.*,
  2006 WL 903184 (S.D.N.Y. April 7, 2006) ................................................... 19

*Raymond Weil, S.A. v. Theron*,
  585 F.Supp.2d 473 (S.D.N.Y. 2008) ............................................................. 21

*Serby v. First Alert, Inc.*,
  934 F.Supp.2d 506 (E.D.N.Y. 2013) ............................................................. 21

*State Farm Mut. Auto Ins. Co. v. CPT Medical Services, P.C.*,
  375 F.Supp.2d 141 (E.D.N.Y. 2005) ............................................................. 16

*Tardif v. City of New York,*
   302 F.R.D. 31 (S.D.N.Y. 2014) ................................................................................21

*United States Tennis Assoc., Inc. v. VSW Productions, LLC,*
   2013 WL 12195853 (S.D.N.Y. Nov. 6, 2013) .............................................................5

                                                                    **Page**

**Rules**
CPLR §203 ...........................................................................................................passim
CPLR §203 ...................................................................................................................9
Fed.R.Civ.P. 12(b)(6) ........................................................................................14, 17, 21
Fed.R. Civ. P. 12(f) ........................................................................................1, 4, 20, 21

**Other Authorities**
New York GOL §5-701 ....................................................................................4, 14, 15

Defendants FRANK PALAZZOLO, MARY PALAZZOLO, F&M FUNDING LLC, RIDGEVIEW HOLDINGS LLC, B.A.B. GROUP I, LLC, and B.A.B. GROUP II, LLC (collectively, "Defendants"), by undersigned counsel, hereby respectfully submit their Memorandum of Law in Opposition to the Motion to Dismiss Defendant Frank Palazzolo's Counterclaims and strike certain of Defendants' affirmative defenses by Plaintiff, THE BOARD OF MANAGERS OF TRUMP TOWER AT CITY CENTER CONDOMINIUM, by its President, Alan Neiditch ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff has filed an overreaching Amended Complaint, alleging Federal RICO and state law claims against the Defendants, all of which pertain or arise from Defendant Frank Palazzolo acting as either a Board member or Treasurer, or both, for Plaintiff from 2005 through 2015. Amended Complaint, ¶¶30-31; Defendants' Answer with Amended Affirmative Defenses and Counterclaims ("Amended Answer"), ¶¶245, 247, 366.

Yet, Plaintiff's claims represent nothing more than Monday-morning quarterbacking and cherry picking coupled with bad faith. In its Amended Complaint, the Board has essentially admitted that Palazzolo saved the Board (and unit owners) from financial ruin through his numerous business and financial dealings and transactions, to wit: "Palazzolo was credited with helping to set the Condominium on solid financial footing." Amended Complaint, ¶31.

Indeed, Palazzolo facilitated the drastic turnaround of the Board's financial condition by creatively seeking out, originating and/or facilitating numerous beneficial financial transactions and purchases for the Board, none of which he was required to do under his very narrow duties as Board member or Treasurer. Plaintiff even concedes the great benefit of these transactions in its Amended Complaint: (1) "Palazzolo negotiated for payments from [the Sponsor] to boost the

Condominium's reserve account"; (2) Palazzolo "engineered the Condominium's purchase of the garage and recreation deck from [the Sponsor]"; (3) "Palazzolo negotiated successfully with Qualcom and achieved an agreement pursuant to which Qualcom would pay the Condominium $143,714" as to a prior roof easement, etc.; and (4) "Board members depended on Palazzolo to run the Condominium, and praised him to unit owners as a financial wizard."   Amended Complaint, ¶¶30-32, 116-17, 159.   Indeed, without Palazzolo personally forcing financial concessions from the Sponsor Cappelli, in lieu of Palazzolo accepting a large purchase price discount on his Condominium units, there would have been no reserve fund for the Condominium.   Palazzolo was not required to make this personal financial sacrifice as a duty imposed on Board members or Board officers.

In addition to the intentional business transactions, which Plaintiff admits were facilitated by Palazzolo, the counterclaims properly allege that Palazzolo gave up personal opportunities to profit were he to have acted on these opportunities himself.   For example, the Sponsor offered to Palazzolo the $1 million discount on the purchase price for his Condominium units, and instead, Palazzolo arranged for the Sponsor in June and July 2009, to fund a reserve account for the benefit of the Board and all unit owners.

The Sponsor also offered to Palazzolo the opportunity to purchase both the garage and recreation deck, which would have created an extremely valuable business opportunity for Palazzolo, if he had accepted the Sponsor's offer and recommendation that he purchase these assets.

Additionally, Palazzolo was in a strong position to capitalize on the availability of multiple Condominium units, which were in default and foreclosure, based upon his decades of experience as a real estate investor.   These units were distressed assets available to be purchased

at discount prices, and then rented and ultimately re-sold at a profit. Palazzolo's decision to forego the opportunity for personal gain, and to arrange instead for the Board to capitalize on this opportunity, was based upon the Board representation that Palazzolo had full discretion and control over the reserve account, and had authority to engage in transactions on behalf of the Board which, in Palazzolo's discretion, would benefit the Board and enhance the reserve account.

It should be noted that Palazzolo is *not* claiming the right to be paid for his service in arranging these transactions for the Board. Rather, he is claiming that he would not have brought these business opportunities to the Board at all if he knew that the Board was free to renege on its promise that Palazzolo had broad authority to enter into these transactions and other business transactions which he believed in his discretion would create enhanced value for the Condominium and enhance the reserve account. Amended Answer, ¶¶250-53, 259-64, 329, 347-48, 353, 354.

However, the Board now wants to retain the financial and economic benefits of these very same valuable business dealings and transactions, notwithstanding that these transactions were clearly outside the scope of Palazzolo's limited responsibilities as a Board member or Treasurer described in the By-Laws; this, while simultaneously suing him for other transactions Palazzolo engaged in while Treasurer, which though authorized when performed, are apparently not to the Board's liking now.

Palazzolo has filed counterclaims against the Board to recoup the monies and financial benefits from the foregoing business transactions, which were not part of his limited duties as Treasurer or a Board member, which value the Board should not be permitted to retain, premised upon its repudiation of the promise made to him during his tenure; namely, that he was granted

broad authority by the Board to act on its behalf as Treasurer, including bringing in business deals and opportunities, and enhancing the value of the reserve fund, although not within the delineated limited duties as a Board member or Treasurer, as defined in the By-Laws.

The Board has now moved to dismiss Palazzolo's counterclaims, arguing that such claims are inconsistent with the allegations in his pleading, are time barred, are not sufficiently pled, or are barred by contract. Plaintiff also moves to strike Defendants' Affirmative Defenses Nos. 10-29, pursuant to Rule 12(f).

None of Plaintiff's arguments withstands scrutiny or is justified by the factual allegations contained in Defendants' Amended Answer, Plaintiff's pleadings, or applicable law. These failures require denial of the motion, in its entirety.

## I.    PALAZZOLO'S COUNTERCLAIMS SHOULD NOT BE DISMISSED

Plaintiff has moved to dismiss Defendant Palazzolo's two counterclaims sounding in unjust enrichment and promissory estoppel under various theories: (1) that Palazzolo allegedly waived such claims; (2) that the majority of the counterclaims are time barred; (3) that the counterclaims are not sufficiently pled; (4) that the unjust enrichment claim is precluded by the statute of frauds, GOL §5-701(a)(10); (5) that the promissory estoppel counterclaim is not sufficiently pled; (6) that the counterclaims are barred by contract; or (7) that the injury alleged is not compensable. These arguments run contrary to the law and the factual allegations contained in the Amended Answer and Plaintiff's own pleadings. Moreover, Plaintiff has mischaracterized the nature of Palazzolo's counterclaims and the basis for those counterclaims, in its ill-conceived effort to urge their dismissal. In addition, Plaintiff misapplies or mischaracterizes the law and legal standards that apply to such counterclaims. As such, the motion to dismiss must be denied.

## ARGUMENT

### A.    Legal Standard - Motion to Dismiss

Federal pleading standards are generally not stringent. *Partell v. Fidelity Nat. Title Ins. Services*, 2012 WL 5288754, *2 (W.D.N.Y. Oct. 24, 2012).   When determining whether a complaint states a claim, the Court must construe the allegations liberally, accept the factual allegations as true, and draw inferences in the pleading party's favor. *Id.*; *Aleph Towers, LLC v. Ambit Texas, LLC,* 2013 WL 4517278, *5 (S.D.N.Y. Aug. 23, 2013); *United States Tennis Assoc., Inc. v. VSW Productions, LLC*, 2013 WL 12195853, *2 (S.D.N.Y. Nov. 6, 2013).

### B.    Palazzolo Did Not Waive his Counterclaims for Unjust Enrichment or Promissory Estoppel

Plaintiff argues that Palazzolo allegedly waived his rights to assert the counterclaims, by virtue of "foregoing"[1] the numerous business opportunities that form the basis of his counterclaims, and allowing the Board to profit by those same business opportunities instead. This argument is disingenuous on its face, mischaracterizes the basis of Palazzolo's counterclaims, together with the facts supporting such counterclaims, as alleged in his pleading.

Notably, the Plaintiff fails to cite to a single decision to support this argument. Apparently none exists.  The decisions cited by Plaintiff all address circumstances in which a party's claims are inconsistent with the material factual allegations in its pleadings; a circumstance not present here.  As described in detail in the Amended Answer, Palazzolo would have taken these business opportunities for himself, including those summarized above, *but for* the representations by the Board that he was authorized and encouraged to use his personal skills and contacts to "enhance" the value of the reserve account, and further the business of the Board,

---

[1] Plaintiff's Memorandum of Law ("Pl. Mem."), p. 10.

in the manner he saw fit, "which the Board approved." Amended Answer, ¶262. These allegations are not inconsistent with any of Palazzolo's counterclaims.

Second, contrary to Plaintiff's argument, Palazzolo is not seeking compensation from the Board for services he rendered as Treasurer. Rather, he is seeking equitable relief, premised upon the Board's representations, at the time, that Palazzolo could run the finances of the Board and have full discretion and control of the reserve fund, and should use his business acumen to seek business deals beneficial to the Board; a representation the Board has now repudiated and reneged upon by suing Palazzolo, personally, claiming he exceeded his authority as Treasurer, with respect to many, if not all, of these very same transactions.

Nor do the By-Laws preclude Palazzolo's claims, as Plaintiff argues. As an initial matter, the Court should disregard arguments made by Plaintiff's counsel, Mr. Oppenheim, premised upon the By-Laws, or counsel's interpretation of those By-Laws. Plaintiff's counsel is neither a Board member, nor an Officer, and has no personal knowledge as to the By-Laws, their origin, or how the Board interpreted or applied such By-Laws to its officers, such as Palazzolo, while he was Treasurer. The same applies to the alleged June 10, 2009 and July 14, 2009 Board Minutes attached to Mr. Oppenheim's Declaration; he cannot attest to how the Minutes were transcribed, what actually transpired at these Board meetings, what was said before or after the Board meetings by the Board members to one another, or how Board meetings and Minutes were customarily handled by the Board during the period Palazzolo was a member of the Board. Indeed, Mr. Oppenheim makes no claim to such required personal knowledge. *Kamen v. AT&T*, 791 F.2d 1006, 1011 (2d Cir. 1986). Therefore, the arguments and assertions made by Plaintiff's counsel, as to the scope and applicability of the By-Laws to Palazzolo while Treasurer, or the applicability of the Minutes to any counterclaims, are impermissible and irrelevant.

Indeed, it is inappropriate for Plaintiff to introduce documents not in Defendant's possession, and not relied upon by Defendant to seek to bolster Plaintiff's arguments on a motion to dismiss.  Use of documents outside the pleadings as the basis of a motion to dismiss is rarely permitted, and only in circumstances not present here.

Third, even if the Court were to consider the By-Laws, the By-Laws have no applicability to Palazzolo's counterclaims.  Article III, Section 8 of the By-Laws referenced in the Oppenheim Declaration and Plaintiff's Memorandum of Law ("Pl. Mem.", Doc. 142), pp. 9, 11-18, provides as follows:

> Managers and Officers, as such, shall receive no compensation for their services.

Oppenheim Dec., Ex. A, p. 12.  The position of Treasurer is defined as an officer on the Board of Managers.  *Id.*, at p. 15.

Yet, as is clear from Palazzolo's counterclaims sounding in unjust enrichment and promissory estoppel, and the factual allegations supporting these counterclaims, Palazzolo is not seeking compensation from the Board for services rendered to the Board, as Treasurer.  Rather, Palazzolo seeks equitable relief in the form of an offset or recoupment as to the value of the business opportunities he could have, and would have taken advantage of himself, as an individual businessman or investor.  Instead, he transferred these opportunities to the Board, based upon the Board's representations to Palazzolo about his mandate and authority; deals and transactions Palazzolo would not have pursued for the Board, but for the Board's representation that he engage in such business opportunities on its behalf, in exchange for  full discretion and control over the reserve fund, and how to enhance the reserve fund and the Condominium, as a whole.  Palazzolo, through his counterclaims, is not seeking payment for his services to the Board, but recoupment or offset of the losses he incurred due to valuable business opportunities

he provided to the Board, as opposed to taking them for himself.  Therefore, the By-Laws and their prohibition as to compensation for Board officers do not preclude his counterclaims.

Finally, to the extent Plaintiff's waiver argument relies on the decision in *Mars Assocs., Inc. v. City of New York*, 70 A.D. 2d 839, 418 N.Y.S.2d 27 (1st Dept. 1979), the facts underlying that decision are distinguishable from the facts in this case; the waiver in *Mars* was contained in a written agreement, signed by all the parties to that action.  No such written waiver signed by Palazzolo is present in this action.  Therefore, the decision in *Mars* is of no consequence to Palazzolo's counterclaims in this action.

### C.   Palazzolo's Counterclaims are not Barred by the Statute of Limitations

Perhaps with the knowledge that its "waiver" and "contract" arguments cannot be sustained, Plaintiff next asserts that Palazzolo's two counterclaims for unjust enrichment and promissory estoppel are time barred by the applicable statute of limitations for each such counterclaim.  Plaintiff's arguments are both factually and legally flawed.

Contrary to Plaintiff's assertion, the statute of limitations for Palazzolo's unjust enrichment claim, based upon equitable principles and the Board's representations to him, is six years, not three.  *Garson v. Garson*, 2017 WL 2915386, *4 (S.D.N.Y. Aug. 6, 2017).  Moreover, a claim for unjust enrichment accrues upon the occurrence of the wrongful acts giving rise to the duty of restitution.  *Id.*

Palazzolo's counterclaim for unjust enrichment is based upon the Board urging him to accept a position on the Board, then urging him to serve as the Treasurer, and representing to him that he had broad authority to act for the Board's benefit to enhance the reserve fund.  Then, long after the fact, in 2015, the newly elected Board chose to cherry pick the transactions the Board wished to retain, and reneged on its representation as to previous transactions and conduct it did not like when it removed him as Treasurer and then sued him.  Palazzolo filed his original

Answer with Counterclaims on August 22, 2017, well within the 6-year (or even 3-year) statute of limitations period for such a claim.

The same applies to Palazzolo's promissory estoppel counterclaim. A promissory estoppel claim is subject to a 6-year statute of limitations, but the claim does not accrue until the alleged promise is breached. *Abdrabo v. State of New York*, 2005 WL 1278539, *2 (S.D.N.Y. May 27, 2005). Here, Palazzolo filed his promissory estoppel counterclaim in August 2017, well within the 6-year statute of limitations for such claim, based upon the Board's repudiation in 2015 of its representations previously made to him during his tenure on the Board. The promissory estoppel counterclaim did not accrue until 2015, and hence was timely filed.

Even if, *arguendo*, the counterclaims are barred by the applicable statute of limitations, which they are not, both of Palazzolo's counterclaims are timely pursuant to CPLR §203(d).

Section 203(d) provides, in pertinent part, as follows:

> (d) Defense or Counterclaim
>
> A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.

Recoupment or setoff is the right of a defendant to have a plaintiff's claim reduced by reason of a claim the defendant has against the plaintiff, arising out of the same transaction, or series of transactions, on which the plaintiff's claim is based. *Burgee v. Patrick*, 1996 WL 227819, *6 (S.D.N.Y. May 3, 1996). Pursuant to CPLR §203(d), a defendant can assert such claims, even if otherwise barred by the statute of limitations. *Id.* Under §203(d), the statute of limitations does not preclude a defendant's counterclaim, if such counterclaim meets the

following two criteria: (1) arises out of the same transaction, or series of transactions as the claims asserted in the complaint, and (2) seeks only relief to the extent demanded in the complaint.  *Id.*; *Hispanic Independent Televisions Sales, LLC v. Una Vez Mas L.P.*, 973 N.Y.S.2d 60 (1st Dept. 2013).

Section 203(d) and equitable recoupment are based on the principle that it is highly inequitable to permit a party to place at issue factual assertions and claims before a Court, and then prevent an opposing party from disputing such factual issues and claims that lie at the foundation of the original claims.  *118 East 60th Owners, Inc. v. Bonner Properties, Inc.*, 677 F.2d 200, 203 (2d Cir. 1982).  Federal Courts look to New York law regarding the issue of statute of limitations and apply CPLR §203(d) to that issue.  *Adler v. Alcide Corp.*, 1998 WL 684597, *2 (S.D.N.Y. Sept. 30, 1998).

Palazzolo's counterclaims each separately meet such criteria and, are therefore, not precluded by the statute of limitations.  Palazzolo's counterclaims arise out of his initial involvement in funding the reserve fund, the erasing of the trade debts owed, which were the responsibility of the Board, obtaining funds placed in the reserve account for the Board from the Sponsor, purchase of the recreation deck and garage, and the numerous business transactions he facilitated for the Board while a member and Treasurer.  Amended Answer, ¶¶235-47, 256-61, 270-75, 280-93, 324-39.

These counterclaims all arise out of the very transactions at issue in Plaintiff's Amended Complaint: (1) "Palazzolo negotiated for payments from Cappelli [the Sponsor] to boost the Condominium's reserve account"; (2) "Palazzolo was credited with helping to set the Condominium on sound financial footing"; (3) the "reserve fund became Palazzolo's private piggy bank"; (4) "[w]hen Palazzolo was first elected as the Condominium's Treasurer in 2007,

the Condominium's reserve and operating accounts were maintained in a single account"; (5) "[d]uring Palazzolo's tenure as the Condominium's Treasurer, only five transfers of funds out of the Condominium's reserve accounts were expressly authorized by the Board"; (6) "engineer[ing] the Condominium's purchase of the garage and recreation deck from [the Sponsor]"; and (7) acquisition of distressed or foreclosed units. Amended Complaint, ¶¶31-32, 34, 42, 45, 97, 115-17. Indeed, these types of transactions, which involve distressed real estate and associated debt, are just the kinds of transactions Palazzolo has engaged in as a private businessman. Amended Answer, ¶¶229, 285, 292, 326, 344. As both of Palazzolo's counterclaims arise out of the very series of transactions while a Board member or Treasurer that form the basis of every claim against him in Plaintiff's Amended Complaint, such counterclaims are not barred pursuant to CPLR §203(d).

**D.   Palazzolo has Adequately Pled a Claim for Unjust Enrichment**

Plaintiff additionally argues that Palazzolo has not adequately pled his counterclaim for unjust enrichment and, therefore, such counterclaim should be dismissed. This argument fails premised upon the law and the pleadings.

**1.   The Condominium By-Laws do not preclude Palazzolo's unjust enrichment claim**

Plaintiff asserts that Palazzolo's unjust enrichment counterclaim is precluded by the Condominium By-Laws. This argument, while demonstrably false, is premised upon a mischaracterization of the counterclaim and the applicable law.

To sufficiently plead a claim for unjust enrichment, a party's pleading need only contain facts sufficient to support the three elements of such a claim: (1) a party was enriched, (2) at the other's expense, and (3) it is against equity and good conscience to permit the bad actor to retain the benefit. *Castellotti v. Free*, 27 N.Y.S.3d 507 (1st Dept. 2016). In fact, a claim of unjust

enrichment does not require performance of a wrongful act, as innocent parties may also be unjustly enriched. *Green Tree Servicing, LLC v. Christodoulakis*, 136 F.Supp.3d 415, 431 (S.D.N.Y. 2015). An unjust enrichment claim is not precluded by the existence of a written agreement, if the parties dispute the applicability of the agreement to the unjust enrichment claim, or whether the claim falls within the scope of the agreement. *Las Olas Investor Group LLC v. Las Olas Tower Co., Inc.*, 208 WL 80741, *2 (S.D.N.Y. Jan. 2, 2008).

Plaintiff argues that Palazzolo's unjust enrichment counterclaim is precluded due to the Condominium's By-Laws, because by-laws have been interpreted as contracts pertaining to the operations of a condominium, and the By-Laws of this Condominium do not allow a Treasurer to receive compensation for acting as Treasurer. Not only is this argument disingenuous, but it is defeated by the very content of the By-Laws.

As described in detail above, the Court should reject this argument inasmuch as the By-Laws are attached to the Declaration of Plaintiff's counsel, who clearly has no personal knowledge of the By-Laws, or how they have actually been applied to any of the Board or officers during the period in question, and are not certified by a person with knowledge.

Even if the Court were to consider the By-Laws, the very terms of such By-Laws do not preclude Palazzolo's unjust enrichment counterclaim. Under the By-Laws, the scope of the Treasurer's duties are very limited and narrow: (1) custody of the Condominium's funds, (2) disbursement of funds of the Condominium, (3) accounting for the financial condition of the Condominium, and (4) keeping of financial records. By-Laws, Art. IV, §8. Nothing in the By-Laws required, or even suggest that Palazzolo, as Treasurer, was required to bring business opportunities to the Board, or give the Board business opportunities he was aware of, including: (1) Sponsor's contribution of $800,000 to establish a Condominium reserve fund, in lieu of a

discount to Palazzolo of the purchase prices for units he was purchasing; (2) sale of a Condominium unit to the Board by Palazzolo, at a discount to market value, to induce the prospective resident manager to agree to employment by the Board; (3) delineating the Sponsor's invitation to Palazzolo to purchase the recreation deck and garage, himself, and instead, offering, transferring, and facilitating the acquisition of the recreation deck and garage by the Board; (4) transferring and facilitating the Board's purchase, rental, and sale of distressed units, rather than purchasing them himself; and (5) purchase of the retail spaces, to enable purchase of the recreation deck and garage by the Board from the lender and sponsor. Amended Answer, ¶¶227-358. The By-Laws do not require a Treasurer, such as Palazzolo, to undertake any of these actions for the benefit of the Board.

Moreover, the By-Laws do not prevent Palazzolo from taking any of these business opportunities for himself.

As such, the By-Laws do not preclude Palazzolo from seeking to recoup the value of the business opportunities and investments that inured to the benefit of the Board, arise out of his actions, which actions and business deals were far outside the scope of Palazzolo's very limited duties as Treasurer, as set forth in the By-Laws.

Indeed, Plaintiff's argument that Palazzolo's counterclaims are precluded due to the By-Laws' prohibition of officers being compensated, misconstrues the basis of the relief Palazzolo's counterclaims; he is not seeking remuneration for his services to the Board. Rather, he is seeking the value of the unjust benefits that inured to the Board when he transferred his own opportunity to execute such transactions to the Board, only to now have the Board repudiate his authority as Treasurer and commence this action. The Board simply cannot have it both ways: claiming

Palazzolo exceeded his authority as Treasurer, but seeking to retain the benefits of Palazzolo's conduct as Treasurer, which very conduct allegedly exceeded that very same grant of authority.

In any event, there is a clear factual dispute as to whether the By-Laws constitute a contract between the Board and Palazzolo and whether the scope of the By-Laws covers the actual relief Palazzolo is seeking through his counterclaims. That question of fact precludes Plaintiff from its motion to dismiss the counterclaims.

Fully aware that the actual language of the By-Laws does not preclude Palazzolo's counterclaims, Plaintiff argues that the "oral" promise by the Board as to Palazzolo's authority, in and of itself, precludes his counterclaims for equitable relief, because he agreed not to take these opportunities. Pl. Mem., pp. 13-14. Yet, Plaintiff cites to no case law for this broad proposition. Moreover, the only reason Palazzolo did not take these business opportunities himself is because of the Board's broad grant of authority to him to make and execute on finite opportunities, which Palazzolo believed would benefit the Board.

Indeed, Plaintiff cannot have it both ways: arguing on the one hand that no such promise or representation was ever made by the Board to Palazzolo, and on the other hand, this same promise or representation does exist, and therefore, precludes his counterclaims. In any event, as admitted by Plaintiff, Palazzolo is entitled to plead alternative theories for his counterclaims, which alternate theories do not allow for dismissal of such counterclaims through a Rule 12(b)(6) motion.

E.   **Defendant's Counterclaim for Unjust Enrichment Does Not Violate the Statute of Frauds**

Cognizant that its "contract" and By-Laws preclusion arguments are meritless, Plaintiff next argues that the unjust enrichment counterclaim violates the statute of frauds, as articulated in New York General Obligations Law §5-701(210) ["GOL §5-701(10)"]. This argument is

baseless, as it mischaracterizes the nature of the remedy Palazzolo seeks to impose upon, or recover from Plaintiff, through his unjust enrichment counterclaim.

New York Courts have narrowly construed the scope of GOL §5-701(10).  *Dorfman v. Reffkin*, 37 N.Y.S.3d 517, 521 (1st Dept. 2016); *JF Capital Advisors LLC v. Lightstone Group LLC*, 25 N.Y.3d 759 (N.Y. 2015).  GOL §5-701(10) does not apply to, or preclude claims for unjust enrichment, if such claims do not seek compensation for assisting in the negotiation or consummation of a business opportunity.  *Id.*

Contrary to Plaintiff's argument, through his unjust enrichment counterclaim, Palazzolo is not seeking compensation for assisting in the negotiation of business opportunities.  Instead, he is seeking recoupment from the Board for the loss of these business opportunities, which he would have executed himself with no need for any involvement by or assistance from the Board. The Board, by its subsequent actions, demonstrated that it had no right or entitlement to the benefit of these opportunities, after the Board repudiated and reneged on its representation as to the scope of his duties, obligations, and broad authority granted to Palazzolo as Treasurer.  As such, the prohibitions provided for in GOL §5-701(10) with respect to oral contracts addressing compensation for assisting in the negotiation of business opportunities, simply do not apply to this counterclaim.  Palazzolo is not seeking such compensation.

F.   **Palazzolo has Sufficiently Alleged the Element of Equity and Good Conscience as to His Unjust Enrichment Counterclaim**

Plaintiff argues that dismissal of Palazzolo's unjust enrichment counterclaim is proper because Palazzolo has allegedly failed to sufficiently plead the equity and good conscience element of such a claim.  Plaintiff further argues that lack of expectation of compensation by Palazzolo from the Board for bringing in the transactions at issue precludes such a claim.  Both arguments are specious and contradicted by established law.

In ruling on motions to dismiss unjust enrichment claims, Courts routinely hold that general allegations of unjust retention of benefits by a defendant are sufficient to withstand dismissal. *Brody v. Brody*, 2009 WL 436404, *5 (S.D.N.Y. Feb. 17, 2009); *State Farm Mut. Auto Ins. Co. v. CPT Medical Services, P.C.*, 375 F.Supp.2d 141, 154 (E.D.N.Y. 2005); *EBC I, Inc. v. Goldman Sacks & Co.*, 777 N.Y.S.2d 440 (1st Dept. 2004). Courts have rejected the argument that no expectation of compensation precludes an unjust enrichment claim. *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 49 F.Supp.2d 298, 303 (S.D.N.Y. 1999).

Palazzolo has sufficiently alleged that equity and good conscience preclude Plaintiff from retaining the benefits of business transactions and deals that he found and originated, and that he had the right and ability to consummate himself for his own benefit, but did not. The Amended Answer alleges that Palazzolo transferred business deals and transactions that benefitted the Board and Condominium financially, in the amount of millions of dollars, which benefits the Board unjustly seeks to retain, while simultaneously suing him personally based upon the assertions that he exceeded his authority while acting as Treasurer. In sum, the Board cannot have it both ways, claiming Palazzolo exceeded his mandate and authority, while simultaneously arguing that, in fact he had no such mandate or authority (suing him for his actions), yet retaining the benefits of Palazzolo's actions.

While Plaintiff asserts that it was "[Palazzolo's] obligation acting as a Board member and the Treasurer to forego these business opportunities," Plaintiff's own By-Laws show this assertion to be false. As described above, nothing in the By-Laws required that Palazzolo give business opportunities to the Board, rather than take them for himself. Nor is Palazzolo required to allege that he thought he would be paid for the transactions by the Board for his unjust enrichment claim to withstand dismissal, based upon New York law.

As such, Palazzolo has sufficiently alleged the third element of his unjust enrichment counterclaim, and need not allege or even prove that he may not initially have expected to profit from these transactions.

## II.   PALAZZOLO HAS ADEQUATELY PLED A PROMISSORY ESTOPPEL COUNTERCLAIM

Plaintiff argues that Palazzolo has failed to sufficiently allege his counterclaim for promissory estoppel. Such argument is based upon the conclusory assertions that the Amended Answer fails to allege repudiation of a promise by the Board, no allegations of a clear and unambiguous promise to Palazzolo by the Board, no reasonable reliance by Palazzolo, and no unconscionable injury. However, Plaintiff's arguments are not based upon acknowledged New York law and instead, are based upon a glaring mischaracterization of the representations to Palazzolo that the Board has now repudiated. As such, the motion to dismiss this counterclaim must be denied.

### A.   Palazzolo Has Sufficiently Alleged Repudiation of a Clear and Unambiguous Promise

Plaintiff cites the incorrect standard applicable to an assessment as to whether Palazzolo's promissory estoppel counterclaim can withstand dismissal under Rule 12(b)(6). Contrary to Plaintiff's assertion, "a detailed showing of the elements of promissory estoppel need not be shown to survive a pre-answer motion to dismiss." *Kapsis v. American Home Mortg. Servicing, Inc.*, 923 F.Supp.2d 430, 453 (E.D.N.Y. 2013); *Mendez v. Bank of Am. Home Loans Servicing, L.P.*, 840 F.Supp.2d 639, 654 (E.D.N.Y. 2012).

A review of the allegations in the counterclaim demonstrates that Palazzolo has more than met this standard. Palazzolo has clearly alleged a representation/promise and repudiation of such representation/promise by the Board, to wit: (1) "with full knowledge and consent of the Board, F. Palazzolo was granted broad, unfettered discretion and authority to act on its behalf";

(2) that at "meetings of the Board held in June or July, 2009, the majority of the members of the Board, specifically Stephen Tobia, Fred Mastroianni, John Durante, and Stephen Reitano … granted to F. Palazzolo permission and authority to engage in transactions involving the Board"; (3) "[w]ith the express authorization and consent of the members of the Board and in reliance upon the Board representation that he had full authority, F. Palazzolo used his business experience to enhance the value of the reserve account and further the business of the Board and the Condominium"; (4) F. Palazzolo engaged in a series of transactions, all of which were done to enhance the value of the reserve fund, all of which were in reliance upon the Board's representation; and (5) "notwithstanding the unfettered and broad mandate and approval of the Board," the Board has now retroactively rescinded and repudiated its original approval of Palazzolo's mandate and discretion to engage in business transactions, and is suing him as to his conduct as Treasurer regarding some, but not all, of these same business transactions originating from Palazzolo.  Amended Answer, ¶¶234-48, 251-52, 256, 259, 261-62, 365.

Such allegations are sufficient to show a clear and unequivocal representation/promise by the Board, and a repudiation of such representation/promise by the Board, the existence of which preclude dismissal of this counterclaim on a motion to dismiss.

**B.   Palazzolo has Alleged Reasonable Reliance on Representations by the Board**

Plaintiff asserts that Palazzolo has failed to sufficiently allege reasonable reliance on the Board's representation/promise that he had a broad grant of authority to enhance the reserve fund, including bringing in valuable business deals, for the benefit of the Board and Condominium.   Plaintiff argues that the By-Laws preclude Palazzolo from now seeking compensation for his services for transactions he undertook as Treasurer or Board member.

Yet, as described in detail above, the By-Laws do not apply to Palazzolo's counterclaims, as he is not seeking compensation for services to the Board.  Rather, he is seeking to recover the

value of the business opportunities he transferred to the Board, which business opportunities he was not required to provide to the Board, and which conduct Plaintiff now claims exceeded Palazzolo's duties as Treasurer.

Moreover, Palazzolo has sufficiently alleged reasonable reliance on the Board's representations that he had broad authority and discretion to enhance the reserve fund by using his business acumen to bring in deals. Such reliance by Palazzolo was entirely reasonable, as he was routinely lauded by the Board for bringing in and consummating these business opportunities, and encouraged to continue bringing in such deals. Indeed, Plaintiff's Amended Complaint concedes as much. Amended Complaint, ¶¶31-32, 115-17, 159; Amended Answer, ¶¶234-48, 251-52, 256, 259, 261-62, 365. These allegations are more than sufficient to support this element of Palazzolo's counterclaim.

**C.    Palazzolo Need not Allege Unconscionable Injury**

In a last ditch effort to obtain dismissal of Palazzolo's promissory estoppel counterclaim, Plaintiff argues that the counterclaim lacks allegations of "unconscionable injury." No such pleading requirement exists for this particular counterclaim as alleged.

As Courts have routinely explained, the requirement to allege "unconscionable injury" as to a promissory estoppel claim is only required "when the promissory estoppel is invoked to avoid the statute of frauds." *Polargrid, LLC v. Videsh Sanchar Nigam, Ltd.*, 2006 WL 903184, *3 (S.D.N.Y. April 7, 2006). Fact issues as to whether unconscionable conduct caused a party to sustain injury, usually precludes dismissal of promissory estoppel claim. *Fleet Bank v. Pine Knoll Corp.*, 736 N.Y.S.2d 737, 742 (3d Dept. 2002).

As described above, Palazzolo is not asserting the counterclaim of promissory estoppel to avoid the statute of frauds; nor does he need to. The statute of frauds simply does not apply to

this counterclaim.   As such, there is no requirement for Palazzolo to plead or prove "unconscionable injury" to succeed on this counterclaim.

Even if Palazzolo were required to plead facts to support unconscionable injury, which he is not, that is generally a question of fact, precluding dismissal of a promissory estoppel claim on a motion to dismiss. *Ackerman v. Landes*, 493 N.Y.S.2d 59, 61 (2d Dept. 1985).  In any event, Palazzolo has pled sufficient facts to support this element of his counterclaim: (1) that the Board made representations to him that he had broad authority, as a Board member and Treasurer, to use his discretion to enhance the value of the reserve fund; (2) that Palazzolo transferred real estate related business opportunities and benefits to the Board based upon such representations; (3) that the Board lauded him and encouraged him to seek out such business deals for the Board; and (4) that the Board is now arguing that Palazzolo exceeded his authority as Treasurer and a Board member, and suing him for his actions as Treasurer, but seeking to retain the benefit of these same real estate related transactions that Palazzolo could take, and would have taken for himself, but for the Board's representations and conduct.  Amended Complaint, ¶¶31-32, 115-17, 159; Amended Answer, ¶¶234-48, 251-52, 256, 259, 261-62, 365.  Such alleged facts are sufficient to plead unconscionable injury to support his counterclaim, and withstand a motion to dismiss.

## III.   THE COURT SHOULD NOT STRIKE ANY OF DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiff moves the Court pursuant to Rule 12(f) to strike Affirmative Defenses Nos. 10-29, all of which relate to its Federal RICO claims.  Such motion represents nothing more than a an attempt to maintain Federal jurisdiction over this action, which will no longer exist if the RICO claims are not sustained.  Yet, Plaintiff has failed to satisfy any of the elements necessary to succeed on such a motion, and as such, the motion must be denied.

### A.     Legal Standard – Motion to Strike Affirmative Defenses Under Rule 12(f)

Motions to strike affirmative defenses under Rule 12(f) are disfavored; "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the Court's time." *273 Lee Ave. Tenants Assoc. v. Steinmetz*, 2017 WL 6383960, *1 (S.D.N.Y. Nov. 14, 2017) (quoting *Raymond Weil, S.A. v. Theron*, 585 F.Supp.2d 473, 489-90 [S.D.N.Y. 2008]); *see also Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269 (S.D.N.Y. 1998). The standard to prevail on a motion to strike an affirmative defense is demanding. *Tardif v. City of New York*, 302 F.R.D. 31, 32 (S.D.N.Y. 2014).   To prevail on a motion to strike: (1) there cannot be a question of fact which might allow the defense to succeed, (2) there cannot be a substantial question of law, a resolution of which could allow the defense to succeed, and (3) the moving party must show that it is prejudiced by inclusion of the defense. *Id.*

Courts in this Circuit have found that the *Twombly/Iqbal* standard for Rule 12(b)(6) motions does not apply to affirmative defenses, and motions to strike under Rule 12(f). *Id.*; *Serby v. First Alert, Inc.*, 934 F.Supp.2d 506, 575 (E.D.N.Y. 2013).   A defendant's affirmative defenses should not be stricken, and a defendant should be permitted to develop the necessary factual background for its defenses, before a premature evaluation of the merits of such defenses. *Id.*

### B.     Plaintiff's Motion to Strike Defendants' Affirmative Defenses Must be Denied

Plaintiff has submitted a motion to strike Defendants' Affirmative Defenses Nos. 10-29 pursuant to Rule 12(f).   That motion must be denied, as Plaintiff has failed to meet the rudimentary elements required to those defenses.

Plaintiff's motion to strike is devoid of a single showing that there is an absence of questions of fact as to any of the affirmative defenses Plaintiff seeks to strike. This failure, alone, dooms the motion.

Nor has Plaintiff demonstrated that there are no issues of law as to these same affirmative defenses and they would all fail as a matter of law. Without such a showing, Plaintiff's motion to strike is meritless.

Moreover, Plaintiff has failed to even argue, let alone make the required showing, that it would suffer prejudice by the inclusion of these affirmative defenses in this action. That is because no such prejudice exists. Each of these affirmative defenses at issue addresses a required element of Plaintiff's RICO claims against the Defendants, and there will and must be discovery as to all these matters in order for Plaintiff to prove its RICO claims. As such, there can be no prejudice as to Plaintiff, if there is discovery on the very elements of the RICO claims Plaintiff seeks to prove in this action.

## CONCLUSION

For the reasons stated, Defendants respectfully request that the Court deny Plaintiff's motion to dismiss Defendant Palazzolo's counterclaims as well as its motion to strike Defendants' affirmative defenses, in their entirety.

Dated:     Scarsdale, New York
           March 16, 2018

                              HASS & GOTTLIEB

                              By:
                              LAWRENCE M. GOTTLIEB, ESQ.
                              HASS & GOTTLIEB
                              *Attorneys for Defendants*
                              *FRANK PALAZZOLO, MARY PALAZZOLO,*
                              *F&M FUNDING LLC, RIDGEVIEW HOLDINGS LLC*
                              *B.A.B. GROUP I, LLC, and B.A.B. GROUP II, LLC*
                              670 White Plains Road, Suite 121
                              Scarsdale, New York 10583
                              (914) 725-2600
                              lgesquire@lmgottlieb.com