

**HARRIS, ST. LAURENT
AND CHAUDHRY LLP**

May 16, 2019

**BY ECF**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**MEMO ENDORSED**

Re: *Board of Managers v. Palazzolo, et al.*, No. 16-cv-9188 (SDNY) (KMK)

Your Honor:

Pursuant to Fed. R. Civ. P. 15(a)(2) and Section II.A of this Court's Individual Rules of Practice, Plaintiff respectfully requests that the Court schedule a pre-motion conference on its forthcoming application for leave to file a Second Amended Complaint. The purpose of the amendment would be to replace its thirteenth claim for relief—for Gross Negligence, against Defendant Reda, Romano & Co. L.L.P. ("Reda Romano")—with a cause of action for Negligence against the same defendant.

**Basis for Motion to Amend**

Once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should "freely give leave when justice so requires." *Id.*

In this case, Plaintiff, the board of managers for a luxury condominium in White Plains (the "Board"), alleges that its former Chief Financial Officer, Frank Palazzolo, directed a RICO enterprise that stole millions from the condominium's bank accounts. Reda Romano was the auditing firm that Palazzolo selected to audit the condominium's financial statements for 2013 and 2014; it failed to alert the Board to several obvious red flags of Palazzolo's wrongdoing.

The Board's initial complaint (Dkt. No. 1), filed on November 28, 2016, alleged Reda Romano's active participation in the RICO enterprise, as well as several theories of professional

Hon. Kenneth M. Karas
May 16, 2019
Page 2 of 2

liability independent from RICO. Following a pre-motion conference on various parties' motions to dismiss (which were ultimately rejected by the Court), Plaintiff, with the Court's approval, filed an amended complaint (Dkt. No. 120) on November 21, 2017. The amended complaint dropped the RICO allegations against Reda Romano, but retained four cases of action against it: professional malpractice, gross negligence, aiding and abetting a breach of fiduciary duty, and breach of contract. Reda Romano answered, with cross-claims against the RICO defendants (Dkt. No. 127), on December 12, 2017.

Document discovery has progressed, and the parties are scheduled to begin depositions shortly. Discovery to date has confirmed, however, that nothing in the documents governing Reda Romano's engagement by the Board bar a straight negligence claim. Plaintiff therefore intends to move to replace its claim for gross negligence, which requires a high degree of proof, with one for common law negligence, which presents a lower evidentiary hurdle. *Compare Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (negligence requires a duty owed, a breach of that duty, and injury substantially caused by the breach) *with Farash v. Cont'l Airlines, Inc.*, 574 F.Supp.2d 356, 367-68 (S.D.N.Y. 2008) (gross negligence requires, in addition to those elements, proving "conduct by defendant that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing").

Under the circumstances, leave to amend should be given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (permitting amendment by leave absent undue delay, bad faith, prejudice, futility, or repeated failures to cure defects); *Block v. First Blood Assocs.*, 988 F.3d 321, 333 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). There is no conceivable prejudice to the Defendant(s), since (i) Plaintiff would require no more document discovery from any party to prove Reda Romano's negligence than has already been provided, and (ii) no depositions have yet been taken by any party. For the same reasons, there is no bad faith or undue delay.

Attached as Exhibit 1 hereto is a copy of Plaintiff's proposed Second Amended Complaint, in redline to show the small volume of changes Plaintiff would like to make.

\*   \*   \*

For the reasons stated herein, Plaintiff respectfully requests that the Court schedule a pre-motion conference to discuss the proposed amendment to the complaint.

*Any party objecting to this request must do so by 5/29/19.*

*So Ordered*
*MK 5/22/19*

Respectfully submitted,

Joseph Gallagher

CC: All Counsel (via ECF)